IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| NOE KIM RAQUINIO, | ) | CIVIL NO. 19-00066 JAO-KJM |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER (1) DISMISSING COMPLAINT AND (2) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS |
| vs. | ) ) | |
| TOWN OF KAMUELA; HONOKAʻA, HILO; HPD; OFFICER ROBERG; R. PULE; C. MELEABZ, | ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER (1) DISMISSING COMPLAINT AND (2) DENYING
APPLICATION TO PROCEED IN FORMA PAUPERIS

Before the Court is Plaintiff Noe Kim Raquinio's ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP Application"), filed February 6, 2019. For the reasons set forth below, the Court DISMISSES the Complaint and DENIES the IFP Application.

BACKGROUND

This 42 U.S.C. §§ 1982 and 1983 action arises from a series of traffic stops occurring on the island of Hawaiʻi in January 2019. Plaintiff alleges that Defendants Officer Roberg, R. Pule, and C. Meleabz violated his Constitutional right to travel and his Fourth Amendment rights, deprived him of his Constitutional rights, and retaliated against him. Compl. at 3-4. Plaintiff also identifies the Town

of Kamuela; Honokaʻa, Hilo; and HPD as Defendants in the caption of his Complaint but does not list them as Defendants in Section B of the Complaint. *Id.* at 2. The sole potential reference to these entities is contained in the "Relief" section, where Plaintiff states: "I would like to add defendants and There [sic] departments under a seperate [sic] claim for punitive damages under section 42 U.S.C. 1983 [sic] as a separate case but related in direct relation to my current Civil Case No. 18-000268SOM-RLP UNDER RELATED CASES." *Id.* at 5.

Plaintiff claims to have incurred hundreds of thousands of dollars in fines and to have suffered as follows: "Threats mental anguish has left me distaught [sic] disturbed, paranoid, unsafe, squirrels, fearful of my life and loved one [sic] lives, finacially [sic] and physically disabled from previous attacks from case no. 18-00268SOM-RLP, Loss of liberty, right, no longer safe and surcure [sic] in my property." *Id.*

## DISCUSSION

A. Dismissal of the Complaint Under the In Forma Pauperis Statute – 28 U.S.C. § 1915(e)(2)

Plaintiff requests leave to proceed in forma pauperis. A court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2); *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard as it does in the context of an FRCP 12(b)(6) motion to dismiss. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Nordstrom v. Ryan*, 762

F.3d 903, 908 (9th Cir. 2014) (citations and quotations omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In the present case, even construing Plaintiff's Complaint liberally, *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is appropriate because the Complaint fails to state a claim upon which relief can be granted. Section 1983 states:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. Substantive rights are not created by this provision; "rather it is the vehicle by whereby plaintiffs can challenge actions by governmental officials." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004) (citation and quotations omitted). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a

person acting under the color of State law." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citation omitted).

Plaintiff has not alleged sufficient facts to support his legal claims. He recounts the traffic stops that form the basis of this action but has not explained how Defendants' conduct amounts to constitutional violations. It appears that a portion of subsection C of the "Statement of Claim" section of the Complaint was cut off. The Court is unable to determine what additional facts might have been included in the missing portion.

Moreover, according to the "Relief" section, Plaintiff wants this action, at least in part, to constitute a separate claim for punitive damages related to Civil No. 18-00268 SOM-RLP. Under § 1983, entitlement to punitive damages requires a "reckless or callous disregard for the plaintiff's rights, as well as intentional violations of federal law." *Smith v. Wade*, 461 U.S. 30, 51 (1983). Punitive damages are not available against a municipality under § 1983 but are available against an official in his individual capacity. *Kentucky v. Graham*, 473 U.S. 159, 167 n.13 (1985); *Newport v. Facts Concerts, Inc.*, 453 U.S. 247, 271 (1981). A request for punitive damages is derivative of Plaintiff's underlying substantive claims. *Kaahu v. Randall*, No. CV 14-00266HG-RLP, 2018 WL 472996, at *13 (D. Haw. Jan. 18, 2018).

It is unclear whether Plaintiff is attempting to exclusively request punitive damages with respect to the claims asserted in Civil No. 18-00268 SOM-RLP through this action, as his Complaint suggests. If so, this action cannot survive because a request for punitive damages cannot serve as the sole basis for an action. As already explained, punitive damages are derivative of underlying substantive claims. A prayer for damages related to claims in Civil No. 18-00268 SOM-RLP cannot be asserted in this action. Furthermore, Plaintiff has already prayed for punitive damages in Civil No. 18-00268 SOM-RLP. Any prayer for punitive damages in this action that relate to Civil No. 18-00268 SOM-RLP is therefore duplicative. Even if Plaintiff is asserting a claim for punitive damages in addition to § 1983 claims, his request for punitive damages cannot be presented as an independent claim and must be dismissed.

In light of the Complaint's deficiencies and failure to state a claim upon which relief can be granted, it is hereby dismissed. Leave to amend should be granted even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Tripati*, 821 F.2d at 1370. Specifically, "pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Tripati*,

821 F.2d 1370 (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)); *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted) ("If a pro se complaint is dismissed for failure to state a claim, the court must 'freely grant leave to amend' if it is 'at all possible' that the plaintiff could correct pleading deficiencies by alleging different or new facts.").

Notwithstanding the foregoing deficiencies, the Court acknowledges that Plaintiff is proceeding pro se and it is possible that the deficiencies could be cured by amendment. Accordingly, the Court dismisses the Complaint without prejudice and grants Plaintiff leave to amend his Complaint. Any amended complaint—which should be titled "First Amended Complaint"—must be filed by **March 14, 2019** and must cure the deficiencies identified above; that is, Plaintiff must provide sufficient facts and law and should comply with all rules governing pleadings. Plaintiff is reminded that he may not assert a standalone claim for punitive damages. Failure to timely file an amended pleading will result in the automatic dismissal of this action.

B. <u>IFP Application</u>

As for Plaintiff's IFP Application, the Court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C.

7

§ 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

The Court questions the veracity of Plaintiff's IFP Application because it is inconsistent with the IFP Application he filed on September 4, 2018 in Civil No. 18-00268 SOM-RLP. Here, Plaintiff claims to have received zero income in the past 12 months; that he owns a 2003 Mazda Protege; and that he has student loans totaling $39,000.00. Doc. No. 2 at 1-2. In his prior IFP Application, he represented that he receives $380.00 in disability benefits;[1] that he owns a 2007 Dodge Charger RT; and he did not identify any debts or financial obligations. Civil No. 18-00268 SOM-RLP, Doc. No. 17 at 1-2. The Court acknowledges that entitlement to benefits and financial circumstances can change. However, that does not explain Plaintiff's failure to disclose this income when the IFP Application specifically requires applicants to identify sources of income for the

---

[1] He failed to provide the frequency with which he receives benefits as well as amounts he expects to receive in the future.

past 12 months. It is also unclear how, within a five-month span, Plaintiff incurred $39,000.00 in student loan debt. Based on these discrepancies, the Court DENIES the IFP Application without prejudice.

Plaintiff additionally failed to sign the IFP Application, in violation of FRCP 11(a). Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented."). The Court is required to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." *Id.* Given the denial of the IFP Application, it is unnecessary to require Plaintiff to correct the omission at this time. However, Plaintiff is cautioned that all pleadings, written motions, and other papers must be signed in the future.

If Plaintiff elects to file an amended pleading, he must concurrently file an IFP Application that contains complete and accurate responses to all questions <u>or</u> he must pay the applicable filing fee.

CONCLUSION

In accordance with the foregoing, Court: (1) DISMISSES the Complaint with leave to amend and (2) DENIES Plaintiff's IFP Application.

If Plaintiff elects to file an amended complaint, he must comply with the following requirements:

(1) Plaintiff's deadline to file an amended complaint is **March 14, 2019**;

(2) Plaintiff's amended complaint should be titled "First Amended Complaint";

(3) Plaintiff must cure the deficiencies identified above; and

(4) Plaintiff must file an IFP Application with the amended complaint or pay the applicable filing fee.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order and file an IFP Application or pay the applicable filing fee will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, February 14, 2019.

Jill A. Otake
United States District Judge

CIVIL NO. 19-00066 JAO-KJM; *RAQUINIO V. KAMUELA, ET AL.*; ORDER (1) DISMISSING COMPLAINT AND (2) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS

10