IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NOE KIM RAQUINIO, ) | CIVIL NO. 19-00066 JAO-KJM |
| ) | |
| Plaintiff, ) | ORDER (1) DISMISSING FIRST |
| ) | AMENDED COMPLAINT AND |
| vs. ) | (2) DENYING APPLICATION TO |
| ) | PROCEED IN FORMA PAUPERIS |
| CITY OF HILO, WAIMEA, ) | |
| HONOKAA; HPD OFFICER ) | |
| MELEABZ, O. PULE, O. ROBERG, ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER (1) DISMISSING FIRST AMENDED COMPLAINT AND
(2) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS

Before the Court is Plaintiff Noe Kim Raquinio's ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP Application"), filed March 6, 2019. For the reasons set forth below, the Court DISMISSES the First Amended Complaint ("FAC") and DENIES the IFP Application.

BACKGROUND

Plaintiff commenced this action on February 6, 2019. On February 14, 2019, the Court issued an Order (1) Dismissing Complaint and (2) Denying Application to Proceed in Forma Pauperis ("Order"). Doc. No. 5. The Court dismissed the Complaint due to multiple deficiencies and because it failed to state a claim upon which relief could be granted, but authorized Plaintiff to file an

amended complaint. *Id.* at 6. The Court directed Plaintiff to cure the deficiencies identified in the Order and cautioned that his failure to file an amended pleading that conforms with the Order would result in the dismissal of the action. *Id.* at 10.

## DISCUSSION

A. <u>Dismissal of the Complaint Under the In Forma Pauperis Statute – 28 U.S.C. § 1915(e)(2)</u>

Plaintiff again requests leave to proceed in forma pauperis. A court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard as it does in the context of an FRCP 12(b)(6) motion to dismiss. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state

2

the elements of the claim plainly and succinctly. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotations omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In the present case, even construing the FAC liberally, *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is appropriate because the FAC fails to state a claim upon which relief can be granted. Section 1983 states:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other

> person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. Substantive rights are not created by this provision; "rather it is the vehicle by whereby plaintiffs can challenge actions by governmental officials." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004) (citation and quotations omitted). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citation omitted).

Plaintiff has not alleged any facts to support his generalized legal claims. He characterizes this case as a 42 U.S.C. § 1983 action based on continuing violations of his Fourth, Fifth and Fourteen Amendment Constitutional rights by officers of the Hawaiʻi Police Department. However, he presents no facts in support of this conclusory allegation, much less how any facts rise to the level of Constitutional violation(s). Under the "CAUSE OF ACTION" section in his FAC, Plaintiff asserts that the Defendant officers violated his common law right to travel, which he cannot be deprived of without due process of law under the Fifth Amendment. FAC at 2. Based on the cursory and somewhat incoherent allegations presented in the FAC, the Court is unable to ascertain whether

jurisdiction exists. Moreover, Plaintiff has failed to state a claim upon which relief can be granted. Indeed, this iteration of his operative pleading contains less information and is more deficient than his Complaint. The Court accordingly DISMISSES the FAC.

Leave to amend should be granted even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Tripati*, 821 F.2d at 1370. Specifically, "pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Tripati*, 821 F.2d 1370 (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)); *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted) ("If a pro se complaint is dismissed for failure to state a claim, the court must 'freely grant leave to amend' if it is 'at all possible' that the plaintiff could correct pleading deficiencies by alleging different or new facts.").

Notwithstanding the foregoing deficiencies, the Court acknowledges that Plaintiff is proceeding pro se and that the deficiencies could potentially be cured by amendment. As such, the Court dismisses the FAC without prejudice and grants Plaintiff leave to amend his FAC. This is Plaintiff's <u>final</u> opportunity to amend his

pleadings. If the next iteration of his pleading is deficient, dismissal will be without leave to amend.

Any amended complaint—which should be titled "Second Amended Complaint"—must be filed by **April 29, 2019** and must cure the deficiencies identified above; that is, Plaintiff must provide sufficient facts and law and should comply with all rules governing pleadings. Plaintiff must clearly identify his causes of action, their legal bases, and the facts corresponding to each claim. Plaintiff is cautioned that failure to timely file an amended pleading that addresses the deficiencies identified herein will result in the automatic dismissal of this action.

B. IFP Application

As for Plaintiff's IFP Application, the Court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff

seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

In light of the dismissal of the FAC, the Court DENIES as moot the IFP Application. If Plaintiff elects to file an amended pleading, he must concurrently file an IFP Application that contains complete and accurate responses to all questions <u>or</u> he must pay the applicable filing fee.

## CONCLUSION

In accordance with the foregoing, Court: (1) DISMISSES the FAC with leave to amend and (2) DENIES Plaintiff's IFP Application.

If Plaintiff elects to file an amended complaint, he must comply with the following requirements:

(1) Plaintiff's deadline to file an amended complaint is **April 29, 2019**;

(2) Plaintiff's amended complaint should be titled "Second Amended Complaint";

(3) Plaintiff must cure the deficiencies identified above; and

(4) Plaintiff must file an IFP Application with the amended complaint <u>or</u> pay the applicable filing fee.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order <u>and</u> file an IFP Application or pay the applicable filing fee will result in the automatic dismissal of this action.

7

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, April 1, 2019.



Jill A. Otake
United States District Judge

CIVIL NO. 19-00066 JAO-KJM; *RAQUINIO V. KAMUELA, ET AL.*; ORDER (1) DISMISSING FIRST AMENDED COMPLAINT AND (2) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS